UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| BRADLEY SHANE WEATHERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-00139-TWP-TAB |
| | ) | |
| CLARK COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Granting *In Forma Pauperis* Status,
Screening Complaint, Substituting Defendant,
and Directing Issuance and Service of Process**

**I. *In Forma Pauperis* Status**

Plaintiff's request to proceed *in forma pauperis* is **granted**. Because plaintiff writes that the jail refuses to provide him with a copy of his trust account financial transactions, the Court is unable to calculate an initial partial filing fee as required by 28 U.S.C. § 1915(b). A collection order shall issue by separate entry to collect the $350 filing fee. This order can be revisited once plaintiff is able to provide a copy of his trust account records.

**II. Screening of the Complaint**

A.    Legal Standard

Because plaintiff is a prisoner, the complaint is subject to the screening requirements of 28 U.S.C. § 1915A. This statute directs that the court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief,"

which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). The Court construes pro se pleadings liberally, and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

    B.    Plaintiff's complaint

Applying the standard set forth above to the factual allegations in the complaint, certain claims must be dismissed and others shall proceed. Plaintiff names the Clark County Jail, where he is an inmate, as defendant. Jails cannot be sued in Indiana. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (county jail not a suable entity). Therefore the complaint is dismissed against the Clark County Jail and **the clerk is directed** to terminate the Clark County Jail from this action.

It is the sheriff who is responsible for jail conditions. Accordingly, the Court, liberally construing the *pro se* complaint to name the Sheriff of Clark County as defendant, **directs the clerk** to add the Sheriff of Clark County as a defendant to this action.

Plaintiff's complaint seeks damages and relief for alleged unsafe and unsanitary jail conditions. The Eighth Amendment can be violated by conditions of confinement in a jail or prison when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results "in the denial of 'the minimal civilized measure of life's necessities,'" and (2) where prison officials are deliberately indifferent to this state of affairs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016).

The Seventh Circuit has identified several situations that meet this demanding test, including lack of heat, clothing, or sanitation. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). In addition, "[s]ome conditions of confinement may establish an Eighth Amendment violation in combination when each alone would not do so." *Id*. An adverse condition of confinement, if endured over a significant time, can become an Eighth Amendment violation even if it would not be impermissible if it were only a short-term problem. *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997). *Accord, Lewis v. Lane*, 816 F.2d 1165, 1171 (7th Cir. 1987) ("[A] state must provide . . . reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities[.]" (Internal quotations omitted) (quoting *Ramos v. Lamm*, 639 F.2d 559, 568 (10th Cir. 1980))).

Plaintiff's assertions of black mold in the ventilation system and showers, insufficient bedding, and overcrowding leading to a fire hazard state an Eighth Amendment claim. He seeks monetary damages as well as injunctive relief. His claims **shall proceed** against the Sheriff of Clark County.

### III. Opportunity to Show Cause

Should plaintiff believe the Court has overlooked or omitted a claim or defendant in this screening, he shall have through October 11, 2017, to notify the Court of such claims and/or defendants.

### IV. Issuance and Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Sheriff of Clark County in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED**.

Date: 9/20/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Bradley Shane Weathers
Clark County Jail
Inmate Mail/Parcels
501 East Court Avenue
Jeffersonville, IN 47130

Sheriff of Clark County
501 East Court Avenue
Jeffersonville, IN 47130